purchased or otherwise acquired shares or like interests in any of the MFS Funds, between November 1, 1998 and September 3, 2003, inclusive, and who were damaged thereby. Plaintiff and each of the Class members purchased shares or other ownership units in MFS Funds pursuant to one of the Prospectuses. Excluded from the Class are defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

38. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the MFS Funds and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

39. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

40. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

41. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    (a)    whether the federal securities laws were violated by defendants' acts as alleged herein:

 (b) whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and financial statements of the MFS Funds and the Fund Defendants; and

 (c) to what extent the members of the Class have sustained damages and the proper measure of damages.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## VIOLATIONS OF THE SECURITIES ACT

### FIRST CLAIM

### Against The Fund Registrants For Violations of Section 11 Of The Securities Act

43. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein, except that, for purposes of this claim, plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct and otherwise incorporates the allegations contained above.

44. This claim is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class against the Registrants.

45. The Fund Registrants are statutorily liable under Section 11. The Fund Registrants issued, caused to be issued and participated in the issuance of the materially false and misleading written statements and/or omissions of material facts that were contained in the Prospectuses.

complained of herein. Sun Life and MFS Investment Management issued, caused to be issued, and participated in the issuance of materially false and misleading statements in the Prospectuses.

54. Pursuant to Section 15 of the Securities Act, by reason of the foregoing, Sun Life and MFS Investment Management are liable to plaintiff to the same extent as are the Registrants for their primary violations of Section 11 of the Securities Act.

55. By virtue of the foregoing, plaintiff and other Class members are entitled to damages against Sun Life and MFS Investment Management.

## VIOLATIONS OF THE EXCHANGE ACT

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE MARKET DOCTRINE

56. At all relevant times, the market for MFS Funds were an efficient market for the following reasons, among others:

   a. The MFS Funds met the requirements for listing, and were listed and actively bought and sold through a highly efficient and automated market;

   b. As regulated entities, periodic public reports concerning the MFS Funds were regularly filed with the SEC;

   c. Persons associated with the MFS Funds regularly communicated with public investors *via* established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

   d. The MFS Funds were followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

17

57. As a result of the foregoing, the market for the MFS Funds promptly digested current information regarding MFS Funds from all publicly available sources and reflected such information in the respective MFS Funds' NAV. Investors who purchased or otherwise acquired shares or interests in the MFS Funds relied on the integrity of the market for such securities. Under these circumstances, all purchasers of the MFS Funds during the Class Period suffered similar injury through their purchase or acquisition of MFS Funds securities at distorted prices that did not reflect the risks and costs of the continuing course of conduct alleged herein, and a presumption of reliance applies.

### THIRD CLAIM

### Violation Of Section 10(b) Of
### The Exchange Act Against And Rule 10b-5
### Promulgated Thereunder Against All Defendants

58. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

59. During the Class Period, each of the defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including plaintiffs and other Class members, as alleged herein and caused plaintiffs and other members of the Class to purchase MFS Funds shares or interests at distorted prices and to otherwise suffer damages. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

60. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the MFS Funds' securities, including plaintiffs and other members of the Class, in an effort to enrich themselves through

undisclosed manipulative trading tactics by which they wrongfully appropriated MFS Funds' assets and otherwise distorted the pricing of their securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein

61. Defendants, individually and in concert, directly and indirectly, by the use of means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the MFS Funds' operations, as specified herein.

62. These defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon plaintiffs and members of the Class.

63. The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

64. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of MFS Funds securities were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein. In ignorance of these facts that market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by the Fund Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was

known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, plaintiff and the other members of the Class acquired the shares or interests in the MFS Funds during the Class Period at distorted prices and were damaged thereby.

65. At the time of said misrepresentations and omissions, plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had plaintiffs and other members of the Class and the marketplace known of the truth concerning the MFS Funds' operations, which were not disclosed by defendants, plaintiff and other members of the Class would not have purchased or otherwise acquired their shares or, if they had acquired such shares or other interests during the Class Period, they would not have done so at the distorted prices which they paid.

66. By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

67. As a direct and proximate result of defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the MFS Funds shares during the Class Period.

### FOURTH CLAIM

**Against Sun Life (as a Control Person of MFS Investment Managment, the Fund Registrants and the MFS Funds), MFS Investment Management (as a Control Person the Fund Registrantsand the MFS Funds), and the Fund Registrants (as a Control Person of the MFS Funds)**
**For Violations of Section 20(a)of the Exchange Act**

68. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

69. This Claim is brought pursuant to Section 20(a) of the Exchange Act against Sun Life, as a control person of MFS MFS Investment Management, the Fund Registrants

20

and the MFS Fund; MFS Investment Management, as a control person of the Fund Registrants and the MFS Funds; and the Fund Registrants as a control person of the MFS Funds.

70.   It is appropriate to treat these defendants as a group for pleading purposes and to presume that the materially false, misleading, and incomplete information conveyed in the MFS Funds' public filings, press releases and other publications are the collective actions of Sun Life, MFS Management, and the Fund Registrants.

71.   Each of Sun Life, MFS Investment Management and the Fund Registrants acted as controlling persons of the MFS Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the MFS Funds' respective businesses and systematic involvement in the fraudulent scheme alleged herein, Sun Life, MFS Investment Management and the Fund Registrants each had the power to influence and control and did influence and control, directly or indirectly, the decision-making and actions of the MFS Funds, including the content and dissemination of the various statements which plaintiffs contend are false and misleading. Sun Life, MFS Investment Management and the Fund Registrants had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

72.   In particular, each of Sun Life, MFS Investment Management and the Fund Registrants had direct and supervisory involvement in the operations of the MFS Funds and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

73.   As set forth above, Sun Life, MFS Investment Management and the Fund Registrants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged

in this Complaint. By virtue of their positions as controlling persons, Sun Life, MFS Investment Management and the Fund Registrants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of MFS Funds securities during the Class Period.

## VIOLATIONS OF THE INVESTMENT ADVISERS ACT

### FIFTH CLAIM

**For Violations of Section 206 of The Investment Advisers Act of 1940 Against MFS Investment Management [15 U.S.C. § 80b-6 and 15 U.S.C. § 80b-15]**

74. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

75. This Count is based upon Section 215 of the Investment Advisers Act, 15 U.S.C. § 80b-15.

76. MFS Investment Management served as an "investment adviser" to plaintiff and other members of the Class pursuant to the Investment Advisers Act.

77. As a fiduciary pursuant to the Investment Advisers Act, MFS Investment Management was required to serve plaintiff and other members of the Class in a manner in accordance with the federal fiduciary standards set forth in Section 206 of the Investment Advisers Act. 15 U.S.C. §80b-6, governing the conduct of investment advisers.

78. During the Class Period, MFS Investment Management breached its fiduciary duties owed to plaintiff and the other members of the Class by engaging in a deceptive contrivance, scheme, practice and course of conduct pursuant to which it knowingly and/or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud upon plaintiffs and other members of the Class. As detailed above, MFS Investment

Management allowed the John Doe Defendants to secretly engage in timed trading of the MFS Funds shares. The purposes and effect of said scheme, practice and course of conduct was to enrich MFS Investment Management, among other defendants, at the expense of plaintiff and other members of the Class.

79.  MFS Investment Management breached its fiduciary duties owed to plaintiff and other Class members by engaging in the aforesaid transactions, practices and courses of business knowingly or recklessly so as to constitute a deceit and fraud upon plaintiff and the Class members.

80.  MFS Investment Management is liable as a direct participant in the wrongs complained of herein. MFS Investment Management, because of its position of authority and control over the MFS Investments and the Fund Registrants, was able to and did: (1) control the content of the Prospectuses; and (2) control the operations of the MFS Funds.

81.  MFS Investment Management had a duty to (1) disseminate accurate and truthful information with respect to the MFS Funds; and (2) truthfully and uniformly act in accordance with its stated policies and fiduciary responsibilities to plaintiff and members of the Class. MFS Investment Management participated in the wrongdoing complained of herein in order to prevent plaintiff and other members of the Class from knowing of MFS Capital Management's breaches of fiduciary duties including:

    a.    increasing its profitability at plaintiff's and other members of the Class' expense by allowing the John Doe Defendants to secretly time their trading of the MFS Funds shares; and

    b.    placing its interests ahead of the interests of plaintiff and other members of the Class.

82. As a result of MFS Investment Management's multiple breaches of its fiduciary duties owed plaintiff and other members of the Class, plaintiff and other Class members were damaged.

83. Plaintiff and other Class members are entitled to rescind their investment advisory contracts with MFS Investment Management and recover all fees paid in connection with their enrollment pursuant to such agreements.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and appointing plaintiff as Lead Plaintiff and his counsel as Lead Counsel for the Class and certifying him as Class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding plaintiff and the Class, to the extent they still hold shares of the MFS Funds, rescissory damages or, if sold, compensatory damages;

(d) Awarding plaintiff and the Class rescission of their contract with MFS Investment Management and recovery of all fees paid to MFS Investment Management pursuant to such agreement;

(e) Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(f) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: January 5, 2004

Respectfully submitted,

**STERN SHAPIRO WEISSBERG & GARIN, LLP**

By: /s/ Jonathan Shapiro
Jonathan Shapiro
Max D. Stern
Kenneth M. Resnik
90 Canal Street
Boston, MA 02114-2022
Tel: (617) 742-5800
Fax: (617) 742-5858

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Robert A. Kauffman
Glen L. Abramson
Shoshana Twersky
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Attorneys for Plaintiff

375019.wpd

25